JOHN R. LEE & another *vs.* HARRIET L. GAY & others.

Essex.    November 4, 1891. — January 9, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Will — Gift to a Class — Right of Representation.*

A testatrix, by her will, gave a pecuniary legacy "to be equally divided among my nephews and nieces, to them and their heirs," without more. In an earlier clause the testatrix gave to each of L.'s daughters a pecuniary legacy, "to them and their heirs, issue of any deceased child of said " L. "to inherit their parent's part"; and in a later clause she used similar language in relation to a contingent legacy to the daughters of W. and the grandchildren of L. Neither L. nor W., or their children or grandchildren, appeared to be relatives of the testatrix. *Held,* that the nephews and nieces who survived the testatrix, and the issue of those who died between the making of the will and her death, were alone entitled to the legacy.

BILL IN EQUITY, filed in this court by the executors of the will of Nancy D. Cole, for instructions as to the disposition of a legacy. Hearing before *Holmes,* J., who reported the case for the consideration of the full court, in substance as follows.

The testatrix in her will provided, among other things, as follows :

" 4. In token of my affection for John C. Lee, of Salem aforesaid, and his wife, Harriet P. Lee, and of gratitude to him for his skilful care of my property for many years without compensation, I give to each of their children with love the sum of one thousand dollars to them and their heirs. Issue of any deceased child of said John and Harriet to inherit their parent's part."

" 6. I give the sum of five thousand dollars to be equally divided among my nephews and nieces, to them and their heirs."

" 11. I give, devise, and bequeath, in trust, to Rev. Edmund B. Willson, of Salem, Mass., the whole of my real estate in Chestnut Street, Salem, for the following purposes, viz. : to Catharine Towne the continued use and occupancy of the second story of the woodhouse, with all the privileges she now has in the same and in the yard during her life ; subject to this incumbrance, I give the use, occupancy, or rent of the whole of said estate to the said Edmund B. and Martha Ann, his wife, during their lives, they paying the taxes on the same, and keeping it in proper repair.    At their decease, and subject to the same incumbrance, I devise the whole of said estate to their three daughters, Sophia, Lucy, and Alice, on conditions as follows, viz. : If the city valuation of said estate then exceed the sum of eight thousand dollars, they shall pay over any excess of said sum, in equal parts, to their brothers and the grandchildren of John C. and Harriet P. Lee.    Issue of any deceased one of them shall inherit from their deceased parent.    The above conditions being complied with by the said Sophia, Lucy, and Alice, daughters of said E. B. Willson, the whole of said estate shall become their property, theirs and their heirs and assigns forever."

The only question was whether the testatrix's nephews and nieces living at her death, and the issue of such as died between the making of the will and her death taking by right of representation, were alone entitled to the legacy given by the fifth clause, or whether the issue of nephews and nieces who died before the will was made, taking by right of representation, should also be entitled to share therein.

*A. L. Huntington*, for the plaintiffs, read the papers in the case.

*E. H. Jose*, for the nephews and nieces.

*W. H. Gove*, for issue of nephews and nieces dying before the will was made.

*F. L. Evans & T. F. Hunt*, for issue of nephews and nieces living at the date of the will.

MORTON, J.    We think, as to the persons entitled to share under the sixth clause of the will, this case must be governed by *Howland* v. *Slade, ante,* 415, and that the nephews and nieces who

survived the testatrix, and the issue of those who died between the making of the will and her death, are therefore entitled to the legacy given in said clause.   The attempt has been made to argue that, because in the fourth clause the testatrix gave to the children of John C. and Harriet P. Lee each a legacy, with the provision that the issue of any deceased child should inherit the parent's share, and because in the eleventh clause similar language was used in relation to a contingent legacy to the daughters of Edmund B. and Martha Ann Willson and the grandchildren of said John C. and Harriet P. Lee, and because she omitted a like provision from the sixth clause, that the testatrix did not intend that the issue of any nephews or nieces dying after the making of her will should take under it.   But it does not appear that the Lees, or the Willsons, or their children or grandchildren, were relatives of the testatrix, and unless, therefore, these provisions had been inserted, if any of the legatees had died before the testatrix the legacy given to such would have lapsed.   *Fisher* v. *Hill*, 7 Mass. 86.   *Ballard* v. *Ballard*, 18 Pick. 41.   No such provision was necessary in regard to the nephews and nieces.   Pub. Sts. c. 127, § 23.   The testatrix seems to have used it when it was required, and to have omitted it when it was not.                              *Decree accordingly.*